IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TUBE CITY IMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0519-WS-B |
| | ) |
| PAYNE SUPERIOR AUTOMOTIVE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant Anthony Dalton's Motion to Set Aside Entry of Default (doc. 142). On June 18, 2012, upon motion of plaintiff, the Clerk of Court entered a Clerk's Entry of Default (doc. 135) against Dalton under Rule 55(a) for failure to plead or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure.[1]

Barely a week after the entry of default, Dalton (by and through counsel) moved to have the default set aside on the ground that his failure to answer or respond in a timely manner was attributable to his mistake or lack of understanding as to his legal obligations. Dalton further states that he has one or more meritorious defenses to the claims asserted against him herein. In response to Dalton's Motion, plaintiff indicates that it has "no objection to the entry of default against … Dalton being set aside." (Doc. 145, at 1.)

As a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also American Family Home Ins. Co. v. Hillery*, 2009 WL 197970, *1 (S.D. Ala. Jan. 23, 2009) (citation omitted). In light of this strong policy, plaintiff's

---

[1] In particular, the court file shows that plaintiff perfected service of process on Dalton via personal service on May 9, 2012. (*See* doc. 109.) As of the date of the Clerk's Entry of Default, Dalton had not filed an answer or other responsive pleading, requested an extension of time in which to do so, or otherwise appeared in this action. Accordingly, entry of default was appropriate pursuant to Rule 55(a).

-2-

acquiescence to the setting aside of the default, the lack of prejudice to any party, Dalton's showing of mistake, and his prompt efforts to remedy that mistake upon becoming aware of same, the Court readily finds that the requisite "good cause" exists under Rule 55(c) to set aside the default.  *See generally Hillery*, 2009 WL 197970, at *1 (under Rule 55, "the overarching question is whether circumstances exist that warrant a finding of good cause to set aside the default").  Accordingly, defendant Dalton's Motion to Set Aside Entry of Default (doc. 142) is **granted**, and the Clerk's Entry of Default (doc. 135) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P.  Defendant Dalton is **ordered**, on or before **July 12, 2012**, to file as a freestanding document an Answer in substantially the same form as the Proposed Answer appended to his Motion as Exhibit B.

DONE and ORDERED this 5th day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE