### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **TUBE CITY IMS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 11-0519-WS-B** |
| | ) | |
| **PAYNE SUPERIOR AUTOMOTIVE,** | ) | |
| **INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

This matter comes before the Court on the parties' Joint Response to Show Cause Order (doc. 165), Joint Motion for *Pro Tanto* Dismissal (doc. 166), and Stipulation of Dismissal without Prejudice (doc. 167).  Taken collectively, these filings reflect that the parties have successfully settled or otherwise resolved all or nearly all of this litigation.  To effectuate the work the parties have already accomplished and to facilitate their ongoing efforts to finalize the settlement in an efficient and timely manner, the Court enters this Order.

As an initial matter, plaintiff, Tube City IMS, LLC, requests that its claims against defendant Timothy H. Middleton, who never appeared despite service of process and the Bankruptcy Court granting relief from the automatic stay to Tube City, be dismissed without prejudice.  Because Middleton did not serve an answer or motion for summary judgment in this case, Tube City is entitled as a matter of right to dismiss its claims against him without court order, pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P.  In accordance with plaintiff's Stipulation of Dismissal (doc. 167), all claims and causes of action asserted by Tube City against defendant Middleton are **dismissed without prejudice**.  The Clerk's Office is directed to **terminate** Timothy H. Middleton as a party in this matter.

Next, Tube City and five of the remaining defendants (Payne Superior Automotive, Inc.; Diversified Mill Contractors, Inc.; William C. Payne; Johnny's RV, LLC; and Johnny Bowen) jointly request that Tube City's claims against those defendants be dismissed with prejudice pursuant to the settlement agreement that has been executed and implemented as to those parties.

-2-

For cause shown, the Joint Motion for *Pro Tanto* Dismissal (doc. 166) is **granted** pursuant to Rule 41(a)(2), Fed.R.Civ.P.  Plaintiff's claims against defendants Payne Superior Automotive, Inc.; Diversified Mill Contractors, Inc.; William C. Payne; Johnny's RV, LLC; and Johnny Bowen are **dismissed with prejudice**, each party to bear his or its own costs.  The Clerk's Office is directed to **terminate** these five defendants as parties in this matter.

By the Court's reckoning, these developments mean that this action remains active and pending as between Tube City and just two defendants, Chris R. Henderson and Anthony W. Dalton, both of whom have appeared and are represented by counsel herein.  According to the Joint Response to Show Cause Order (doc. 165) filed by all parties, plaintiff reached a settlement with Henderson and Dalton in late September, with Dalton having paid his portion of the settlement funds already and counsel for Henderson indicating two weeks ago that his client's portion of the proceeds was forthcoming.  But neither Henderson nor Dalton has executed the settlement agreement.  The Court expects counsel for all three parties to work diligently and in good faith to tie these loose ends in a prompt manner.  It benefits no one to have this settlement languish in an unfinished state.  To that end, Tube City, Henderson and Dalton are **ordered** to file a joint report on the status of their settlement on or before **November 13, 2012**.  To the extent that the settlement has not been concluded by that time, counsel for Henderson and Dalton must explain why not.

DONE and ORDERED this 30th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE